IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EMANUAL DELEON FIELDS, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-2075-D |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A. NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

**B. PARTIES**

Petitioner Emanual Deleon Fields, TDCJ # 1127671, is a state prisoner who in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Tennessee Colony, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

## C. FACTUAL AND PROCEDURAL HISTORY

On June 6, 2000, pursuant to a plea bargain agreement, Fields pled guilty to aggravated assault with a deadly weapon in the 195th Judicial District Court of Dallas County, Texas. (Clerk's R. at 13-15.) The trial court deferred adjudicating guilt, placed Fields on eight years' deferred adjudication community supervision, and ordered him to pay a fine and costs. *Id.* The state filed a motion to proceed with an adjudication of guilt on June 26, 2001, and after a hearing, the trial court entered a judgment on July 15, 2002, adjudicating his guilt and assessing his punishment at twenty years' imprisonment. (*Id.* at 21-22, 26-28.) The trial court rested its decision to adjudicate on evidence adduced the previous week during Fields's jury trial on three robbery charges (which ended in a mistrial). (Reporter's R. of Adjudication Hrg. at 4-5.) At the time of the trial court's decision to adjudicate guilt, the robbery cases were still pending. (*Id.*) Fields appealed the judgment adjudicating his guilt to no avail. *Fields v. Texas*, No. 5-02-01242-CR, slip op. (Tex. App.–Dallas Aug. 19, 2003, pet. ref'd) (not designated for publication); *Fields v. Texas*, PDR No. 1489-03.

Fields filed a state application for writ of habeas corpus raising the issues presented herein on March 15, 2004, and the application was denied by the Texas Court of Criminal appeals without written order on the findings of the trial court on September 28, 2005. (State Habeas R. at cover.) *See Ex parte Fields*, Application No.61,187-01, at cover; TEX. CODE CRIM. PROC. ANN. art. 11.072 (Vernon 2005). Fields filed this federal petition for writ of habeas corpus and supporting memorandum and on July 21, 2005.[1] Quarterman has filed an answer and documentary exhibits, to which Fields has replied.

---

[1] A pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

**D. ISSUES**

Fields raises two grounds for relief: (1) he was deprived of effective assistance of trial counsel during the adjudication proceeding because counsel did not object to the trial court's failure to conduct a separate punishment hearing after adjudicating his guilt or move for a new trial on this basis; and (2) he was deprived of effective assistance of counsel on direct appeal because appellate counsel failed to raise trial counsel's ineffectiveness as set forth in ground (1). (Petition at 7-7E.)

**E. RULE 5 STATEMENT**

Quarterman believes that Fields has sufficiently exhausted his claims as required by 28 U.S.C. § 2254(b)(1). (Resp't Answer at 3.)

## II. APPLICABLE LAW

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. 28 U.S.C. § 2254(e)(1). Factual determinations by a state court are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2), (e); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion, as here, it is an adjudication on the merits, which is entitled to this presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). In such a situation, a federal court assumes that the state court applied the proper "clearly established federal law" and then determines whether its decision was "contrary to" or "an objectively unreasonable application" of that law. *Schartzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003); *Catalan v. Cockrell*, 315 F.3d 491, 493 n.3 (5th Cir. 2002).

### III.  INEFFECTIVE ASSISTANCE OF COUNSEL

A criminal defendant has a constitutional right to the effective assistance of counsel at trial and on a first appeal as of right. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Anders v. California*, 386 U.S. 738, 744 (1967). An ineffective assistance claim is governed by the standards set forth in *Strickland v. Washington*. 466 U.S. at 668. *See also Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001) (applying the *Strickland* standard to ineffective assistance claims against appellate counsel). To

establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Id.* at 687, 697.

The state appellate court considered Field's claim that he was entitled to a separate punishment hearing in the context of trial court error and concluded that Fields had waived his claim because he did not raise the complaint at trial or in a motion for new trial. *Fields*, No. 05-02-01242-CR, slip op. at 2. Nevertheless, the appellate court noted that contrary to Fields's argument, state law on the issue does not stand for the absolute right to a separate punishment hearing. *Id.* "Instead, it requires a defendant have an opportunity to present evidence in mitigation of punishment." *Id.* Because Fields had the opportunity to present evidence during the adjudication proceedings, the court determined that it was immaterial that the evidence was presented before the trial court actually adjudicated guilt. (Reporter's R. of Adjudication Hrg. at 5.) *Id.* In turn, the Texas Court of Criminal Appeals rejected the claim.

Fields then sought state habeas relief on this claim in the context of ineffective assistance of counsel. *Ex parte Fields*, Application No. 61,187-01, at 7-12. In support, Fields submitted the affidavit of his mother, which states that she was available and would have been willing to testify for her son at the adjudication hearing regarding her support and Field's self-improvement, education, job skills and employment during his time on community supervision. *Id.* at 16. In response, Fields's trial counsel presented an affidavit, in which he stated–

> During my representation of Mr. Fields, I advised he and his family of each impending court date. Mr. Fields was advised that the Court could proceed with Adjudication of his probation even though the aggravated robbery trial ended in a mistrial. Mr. Fields was made aware of the date and time for the hearing regarding the State's Motion to Proceed to Adjudication. At no time did Mr. Fields ever indicate that he wanted witnesses at the Adjudication hearing, nor was any member

5

of his family present at the Adjudication hearing. Had Mr. Fields told me he wanted his Mother to testify I certainly would have called her as a witness. Unfortunately, Mr. Fields continued to insist that since he had not yet been convicted for the aggravated robbery charges, the Court could not revoke his probation. Because he continued to hold that belief, he did not provide any information/witnesses to prepare for the Adjudication hearing. *Ex parte Fields*, Application No. 61,187-01, at 37.

Based on trial counsel's affidavit and the fact that appellate counsel had presented argument and citation to authority in support of Fields's proposition that his conviction should be reversed, the habeas court entered findings of fact and conclusions of law denying his ineffective assistance claims. *Ex parte Fields*, Application No. 61,187-01, at 32-37, 57. In turn, the Texas Court of Criminal Appeals rejected Fields's claims based on the habeas court's findings. *Id*. at cover.

Field has failed to rebut the presumption of correctness of the state courts' adjudication of his claims or demonstrate that the state courts' decision is contrary to *Strickland* or an unreasonable application of the *Strickland* attorney-performance standard. 28 U.S.C. § 2254(d). In the context of federal habeas review, any right of a state criminal defendant to a punishment hearing upon adjudication of guilt arises solely under Texas law. A federal habeas court cannot review the correctness of state rulings on state law that do not present a federal constitutional question. *See Young v. Dretke*, 356 F.3d 616, 628 (5th Cir. 2004); *Gibbs v. Johnson*, 154 F.3d 253, 259 (5th Cir. 1998). Thus, deferring to the state courts' determination that Fields was not entitled to a separate punishment hearing, only an opportunity to present mitigating evidence, Fields's trial counsel cannot be deemed ineffective for failing to raise the issue at trial. Counsel's failure did not deprive Fields of any substantive or procedural right to which the law entitled him. *See Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993); *Young*, 356 F.3d at 625; *Dyson v. Cockrell*, No. 4:04-CV-449-A, 2002 WL 32494528, at *5 (N.D. Tex. Nov. 4, 2002) (not designated for publication). He was afforded the opportunity to present evidence in mitigation of punishment, and that was all that was required under state law. For these reasons, Field's appellate counsel likewise cannot be deemed ineffective for

failing to raise on appeal the issue of trial counsel's failure to move for a separate punishment hearing or a new trial.

## IV. RECOMMENDATION

Fields's petition for writ of habeas corpus should be DENIED.

SIGNED on this 26th day of February, 2008.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND**
## **NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE